UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

This Document Relates To:

*Fujifilm Manufacturing U.S.A., Inc. v. Goldman Sachs & Co.*, No. 15-cv-8307-PAE (S.D.N.Y.)

*Reynolds Consumer Products LLC v. Glencore Ltd.*, No. 16-cv-5955-PAE (S.D.N.Y.)

15-cv-8307 (PAE)
16-cv-5955 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On April 28, 2020, the Court issued an opinion and order denying motions to dismiss for lack of personal jurisdiction filed by defendants Glencore International AG ("GIAG") and Pacorini Metals Vlissingen B.V. ("PV"). No. 15 Civ. 8307 (PAE), Dkt. 182. The Court directed the parties to "set[] forth a plan for what the Court is confident will be limited additional discovery relating to GIAG and [PV]." *Id.* at 32.

On May 29, 2020, plaintiffs Fujifilm Manufacturing U.S.A., Inc. ("Fujifilm"), Reynolds Consumer Products LLC ("Reynolds") and Southwire Company LLC ("Southwire," and together with Reynolds and Fujifilm, "plaintiffs") filed a letter setting forth their position as to the proper scope of such discovery. Dkt. 163.[1] On June 3, 2020, GIAG and PV responded. Dkt. 167.

As GIAG and PV note, plaintiffs "already have the benefit of dozens of depositions and millions of documents produced by the defendants, their affiliates, and multiple third parties since the inception of [this MDL] in 2013." Dkt. 167 at 1. Included within that discovery record

---

[1] Unless otherwise noted, references to docket entries in this Order refer to the docket of *Reynolds Consumer Products LLC v. Glencore, Ltd.*, No. 16 Civ. 5955 (PAE) (the "*Reynolds/Southwire* Action").

are the deposition of PV's Simon Yntema and voluminous produced communications involving GIAG and PV. *Id*. Moreover, the factual allegations in plaintiffs' complaints relating to GIAG and PV are relatively narrow in scope and time. *See id*.

On May 18, 2020, at 3:44 p.m., GIAG and PV made a largely reasonable discovery proposal, including: data for the period between January 2010 and December 2014 regarding GIAG aluminum holdings, PV's aluminum inventories, and PV's incentive agreements; a deposition of GIAG aluminum trader Robin Scheiner, both in his individual capacity and as a 30(b)(6) witness; and parameters for electronic searches of the emails of three custodians—Yntema, Scheiner, and Gary Fegel—for the period between April 2010 and December 2014. *See* Dkt. 163-1 ("Def. Proposal").

The key sticking point in the parties' negotiations, however, was whether defendants would run searches on the broad topic of "internal GIAG or [PV] emails relating to queues at Detroit or Vlissingen." *Id.* at 3. Running a search for such emails—albeit with what plaintiffs describe as manipulated search strings—generated approximately 38,000 hits for just Yntema's emails. Claiming that Yntema's results alone presented undue burden, GIAG and PV elected not to provide hit counts for searches on the other two custodians. *See* Dkt. 163 at 3.[2]

Due to a combination of plaintiffs' overbroad request for internal emails and GIAG and PV's obstinate refusal to provide plaintiffs or the Court with hit counts for the additional custodians, the Court lacks sufficient information to assess GIAG and PV's claims of undue burden.

---

[2] In briefing the present discovery dispute, GIAG and PV put forth a far narrower discovery proposal—one that it is unclear that they ever shared with plaintiffs—explaining that their previous proposal had been only provisionally offered, subject to reaching a comprehensive agreement. *See* Dkt. 167 at 1. Among other apparent modifications, GIAG and PV shortened the relevant period to April 1, 2010 to December 31, 2011. *See id.* at 2.

2

Accordingly, the Court directs the parties to meet and confer further on the appropriate scope of discovery, with the following guidance: (1) the parties should treat GIAG and PV's May 18 proposal, Dkt. 163-1, as the starting point of their negotiations; (2) plaintiffs are entitled to some form of search for internal emails relating to queues at Detroit or Vlissingen; (3) GIAG and PV should provide to plaintiffs accurate hit counts for each custodian for the disputed category of internal emails, to facilitate further negotiation; (4) the Court regards the number of hits returned by the search on Yntema's emails to be vastly disproportionate to its mandate of limited additional discovery, especially considering the significant other discovery GIAG and PV have offered to make available; and (5) the parties should negotiate the significant narrowing of the search for internal emails relating to queues at Detroit or Vlissingen, including by removing or narrowing search strings or reducing the time frame applicable to that particular search.

The Court expects that counsel will collegially agree to the scope of additional discovery based on these guidelines, without further intervention by the Court. If so, the Court directs the parties to file a proposed schedule for discovery by Thursday, June 18, 2020. If counsel cannot agree, the Court directs the parties to file a *joint* letter setting forth any remaining disputes, by June 18, 2020.

SO ORDERED.

                                                                     _____
                                                                     Paul A. Engelmayer
                                                                     United States District Judge

Dated: June 5, 2020
          New York, New York