**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

This Document Relates To:

| | |
|---|---|
| *Agfa Corporation and AGFA Graphics NV v. The Goldman Sachs Group, Inc.*, No. 14 Civ. 211 (PAE) (S.D.N.Y.) | 13 MD 2481 (PAE) 14 Civ. 211 (PAE) 14 Civ. 217 (PAE) 14 Civ. 6849 (PAE) |
| *Mag Instrument, Inc. v. The Goldman Sachs Group, Inc.*, No. 14 Civ. 217 (PAE) (S.D.N.Y.) | 15 Civ. 8307 (PAE) **JUDGMENT** |
| *Eastman Kodak Company v. The Goldman Sachs Group*, No. 14 Civ. 6849 (PAE) (S.D.N.Y.) | |
| *Fujifilm Manufacturing U.S.A., Inc. v. Goldman Sachs & Co.*, No. 15 Civ. 8307 (PAE) (S.D.N.Y.) | |

------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated February 17, 2021, the Court grants defendants' motion for summary judgment as to the Individual Purchaser plaintiffs' claims. All claims brought by plaintiffs Agfa, Mag, Kodak, and Fujifilm are dismissed for lack of antitrust standing. Accordingly, all claims in case numbers 14 Civ. 211; 14 Civ. 217; 14 Civ. 6849; and 15 Civ. 8307 are dismissed.[1]

---

[1] *See Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 905–06 (2015). Because the Court's February 17, 2021 Opinion and Order left in place some claims asserted by Ampal in 14 Civ. 3116, the Court will not enter partial judgment as to the dismissed claims or parties in that action absent application from those parties. *See id.* at 906 (Rule 54(b) certification available in such circumstances). *But see Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (noting that power under Rule 54(b) should be "exercised sparingly").

**Dated:**  New York, New York
February 19, 2021

                **RUBY J. KRAJICK**
                **Clerk of Court**

       **BY:** *[signature: David J. Thomas]*
                **Deputy Clerk**